NOT FOR PUBLICATION

RECEIVED
AUG 0 9 2017
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMBULATORY SURGICAL CENTER OF SOMERSET, *individually and as a Class Representative on behalf of others similar situated*, and JUAN GONZALEZ, *individually and as a Class Representative on behalf of others similar situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE FIRE CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Civ. No. 16-5378<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Defendant Allstate Fire and Casualty Insurance Company[1] ("Defendant") to compel arbitration and to stay. (ECF No. 19). Plaintiffs Ambulatory Surgical Center of Somerset and Juan Gonzalez ("Gonzalez") (collectively, "Plaintiffs") oppose. (ECF No. 24). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion to compel arbitration and to stay will be denied.

## BACKGROUND

This matter arises out of an automobile accident, subsequent surgery, and Defendant insurance company's refusal to pay for that specific surgery. Plaintiffs' allegations, in brief, are

---

[1] Defendant acknowledges the lawsuit against it and states that it was improperly pleaded as Allstate Fire Casualty Insurance Co., rather than Allstate Fire and Casualty Insurance Company.

1

as follows: On August 7, 2011, Plaintiff Gonzalez was in an automobile accident in Jefferson Township New Jersey. (Compl. ¶¶ 5–6, ECF No. 1). He sustained injuries which required medical attention. (*Id.*). Gonzalez underwent a related surgery on March 10, 2015 at the Ambulatory Surgical Center of Somerset. (*Id.* ¶ 9). Defendant refused to pay for the procedure because there is no procedure code listed in the New Jersey Auto Fee Schedule. (*Id.* ¶ 10). Plaintiff contends that where, as here, there is no procedure code listed in the New Jersey Auto Fee Schedule, the procedure is payable at reasonable rates pursuant to N.J. Ins. Code § 11:3-29. (*Id.* ¶¶ 12–13). Defendant has refused and continues to refuse to pay for procedures performed at ambulatory surgical centers for which procedure codes are not listed in the New Jersey Auto Fee Schedule. (*Id.* ¶¶ 14, 16). Plaintiffs seek liability and damages on behalf of the classes of individuals insured by Defendant who have sustained injuries in automobile accidents and are entitled to automobile medical benefits pursuant to New Jersey law and of ambulatory surgical facilities who performed procedures for which there are not codes listed in the New Jersey Auto Fee Schedule and for which Defendant refused payment. (*Id.* ¶¶ 19–23). Plaintiffs seek declaratory judgment that Defendant must pay for those procedures, and assert related claims for breach of contract, breach of implied covenant of good faith and fair dealing, and violation of the New Jersey Consumer Fraud Act. (*Id.* ¶¶ 41–79).

Per the parties stipulation and consent, the Court vacated the Clerk's entry of default against Defendant and extended Defendant's time to answer to January 31, 2017. (ECF No. 14). Defendant answered the Complaint on January 31, 2017. (ECF No. 16). On April 7, 2017, Defendant moved to compel arbitration and to stay. (ECF No. 19). This motion is presently before the Court.

## DISCUSSION

Where there is a contract between the parties that provides for arbitration, there is "an emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLC v. Cocchi*, 565 U.S. ---, 132 S. Ct. 23, 25 (2011) (*per curiam*) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985) (internal quotation marks omitted); *see* Federal Arbitration Act, 9 U.S.C. § 2. "Any doubt concerning the scope of arbitrability should be resolved in favor of arbitration." *Mitsubishi Motor Corp.*, 473 U.S. at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *see also Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011). When a party refuses to submit to arbitration pursuant to a valid contract provision, the party seeking to arbitrate may petition a court for an order compelling arbitration. 9 U.S.C. § 4.

In order for this presumption in favor of arbitration to apply, there must be a valid contract between the parties. The Court must find that "(1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009).

In this case, the parties agree that there was no agreement to arbitrate. Rather, Defendant asserts a right to compel arbitration based on a statutory provision of the New Jersey Automobile Insurance Cost Reduction Act ("AICRA"), N.J.S.A. 39:6A-5.1. Therefore, the Federal Arbitration Act and its presumption do not apply. *Century Indem.*, 584 F.3d at 523.

The Court turns then to whether the statute applies to an out-of-state insured who utilized New Jersey personal injury protection ("PIP") coverage under AICRA. Defendant argues that the entire PIP statute applies to an out-of-state insured who received coverage in New Jersey pursuant to the statute, based on the "Deemer Statute," N.J.S.A. 17:28-1.4. (Def.'s Br. 5–13,

3

ECF No. 19-1). However, the plain text of the N.J.S.A. 17:28-1.4 only provides for coverage of out-of-state insured who are insured by insurers authorized to transact or transacting automobile insurance business in New Jersey. It does not incorporate other aspects of the PIP statute. N.J.S.A. 17:28-1.4; *see also Cooper Hosp. Univ. Med. Ctr. v. Prudential Ins. Co.*, 378 N.J. Super. 510, 518 (App. Div. 2005) (finding that the Deemer Statute mandated coverage based on the New Jersey statute, and not finding that the Deemer Statute included other aspects of the New Jersey PIP statute); *Hamilton v. Gov't Employees Ins. Co.*, 283 N.J. Super. 424, 430 (App. Div. 1995) (same); *Burlington Ins. Co. v. Northland Ins. Co.*, 766 F. Supp. 2d 515, 526 (D.N.J. 2011) (same).

One case deals with the application of the PIP statute arbitration provision[2] to an out-of-state insured who utilized in-state care. In that case, the New Jersey Appellate Court found that the non-resident insured could compel the insurance company to arbitrate based on the statute, even though the Deemer Statute did not specifically incorporate the arbitration clause.[3] *State Farm Mut. Auto. Ins. Co. v. Crocker*, 288 N.J. Super. 250, 256 (App. Div. 1996). To be subject to the statute, the insurance company had to be authorized to transact or transacting an automobile insurance business in New Jersey. *Id.*, 288 N.J. Super. at 256; N.J.S.A. 39:6A-5c. Therefore, the insurance company had notice that it could be compelled to arbitrate. That is distinct from the present case, in which the insurer seeks to compel arbitration based on the New

---

[2] The statute provides for "submi[ssion] to dispute resolution on the initiative of any party to the dispute." N.J.S.A. 39:6A-5.1(a). It does not specify that the dispute resolution must be arbitration; however, that seems how the provision is most used, that is how the parties refer to the provision, and the Court will do so here.

[3] This case utilized an older version of the statute, in which only the insured had the statute right to select arbitration. The statute permitted "any claimant" to compel arbitration. N.J.S.A. 39:6A-5c; *Crocker*, 288 N.J. Super. at 256. The current statute has been amended to permit "any party to the dispute" to submit the dispute to "dispute resolution." N.J.S.A. § 39:6A-5.1(a).

4

Jersey statute.[4] The out-of-state insured might have no notice that it could be compelled to arbitrate. In this case, the parties agree that there is no contractual agreement to arbitrate; the motion to compel arbitration is based purely on the statute.

Therefore, based on the text of the relevant statement and the interpreting case law, it is unclear that the arbitration provision permits insurers to compel arbitration based on the Deemer Statute with out-of-state insureds who utilize in-state coverage.

Both the Federal Arbitration Act and New Jersey policy express a preference for resolution by arbitration. However, both are predicated on a formal agreement between the parties or notice that they may be forced to submit a dispute to arbitration. *See Century Indem.*, 584 F.3d at 539–40; *Crocker*, 288 N.J. Super. at 256. As there is no agreement or notice in this case, the Court will decline to compel arbitration. All other questions and arguments are moot.

## CONCLUSION

For the reasons above, Defendant's motion to compel and to stay will be denied. A corresponding order will follow.

Dated: August 2, 2017

ANNE E. THOMPSON, U.S.D.J.

---

[4] *See* note 3. The statute was amended to permit "any party to the dispute" to submit the dispute to "dispute resolution." N.J.S.A. 39:6A-5.1(a).