NOT FOR PUBLICATION

RECEIVED
OCT 05 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMBULATORY SURGICAL CENTER OF SOMERSET, *individually and as a Class Representative on behalf of others similar situated*, and JUAN GONZALEZ, *individually and as a Class Representative on behalf of others similar situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE FIRE CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Civ. No. 16-5378<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Defendant Allstate Fire and Casualty Insurance Company ("Defendant") to reconsider the Court's Opinion denying arbitration. (ECF No. 32.) Plaintiffs Ambulatory Surgical Center of Somerset and Juan Gonzalez ("Gonzalez") (collectively, "Plaintiffs") oppose. (ECF No. 33.) The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion for Reconsideration is granted.

## BACKGROUND

This matter arises out of an automobile accident in New Jersey where Plaintiff Gonzalez sustained injuries requiring medical attention. (Compl. ¶¶ 5–6, ECF No. 1). He underwent a related surgery on March 10, 2015 at the Ambulatory Surgical Center of Somerset. (*Id.* ¶ 9).

1

Defendant refused to pay for the procedure because there is no procedure code listed in the New Jersey Auto Fee Schedule. (*Id.* ¶ 10). Plaintiff contends that where, as here, there is no procedure code listed in the New Jersey Auto Fee Schedule, the procedure is payable at reasonable rates pursuant to N.J. Ins. Code § 11:3-29. (*Id.* ¶¶ 12–13). Defendant has refused and continues to refuse to pay for procedures performed at ambulatory surgical centers for which procedure codes are not listed in the New Jersey Auto Fee Schedule. (*Id.* ¶¶ 14, 16). Plaintiffs seek liability and damages on behalf of the classes of individuals insured by Defendant who have sustained injuries in automobile accidents and are entitled to medical benefits pursuant to New Jersey law and of ambulatory surgical facilities who performed procedures for which Defendant refused payment. (*Id.* ¶¶ 19–23). Plaintiffs seek declaratory judgment that Defendant must pay for those procedures and assert related contract claims and violation of the New Jersey Consumer Fraud Act. (*Id.* ¶¶ 41–79).

On April 7, 2017, Defendant moved to compel arbitration and to stay proceedings. (ECF No. 19.) The Court denied this motion on August 9, 2017. (ECF Nos. 30, 31.) On August 23, 2017, Defendant moved for reconsideration of the Court's decision to deny its motion. (ECF No. 32.) This motion is presently before the Court.

## **LEGAL STANDARD**

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d); *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and the Local Rules, a motion for reconsideration may be based on one of three grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent

manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A party may seek reconsideration if it believes the Judge overlooked a matter or controlling decision, L. Civ. R. 7.1(i), but it is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made, *see Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012); *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010). Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## DISCUSSION

Defendant claims that the Court made a clear error of law and overlooked precedent on this issue. The case deals with New Jersey's "deemer statute," N.J.S.A. 17:28-1.4, which extends New Jersey Personal Injury Protection ("PIP") coverage to out-of-state insureds who were injured in-state or utilized in-state care statute. Specifically, Defendant first argues that the Court should reconsider the breadth of the deemer statute and whether the deemer statute incorporates PIP's dispute resolution provision, N.J.S.A. 39:6A-5.1. Plaintiffs claim that Defendant is not entitled to relief pursuant to the reconsideration standard because he merely puts forth the same case law that the Court relied on in its initial opinion in support of an

3

alternative outcome. While Defendant does repeat some of the same arguments, review of its original Motion to Compel Arbitration leads the Court to realize it overlooked important law related to the legislative history of PIP amendments. (*See* Mot. Compel Arb. at 11 (citing *Coalition for Quality Health Care v. N.J. Dep't of Banking and Ins.*, 791 A.2d 1085, 1108–09 (N.J. Super. Ct. App. Div. 2002)). The Court did consider the amendments to the PIP arbitration provision in light of *State Farm Mutual Auto Insurance Co. v. Crocker*, 672 A.2d 226 (N.J. Super. Ct. App. Div. 1996). (ECF No. 30 at 4–5.) The Court, however, did not consider the underlying purpose of these amendments, as Defendant urged it to initially, nor the effect of this purpose on the breadth of the deemer statute. Reconsideration is justified to avoid any potential injustice that may result.

I.  The Breadth of the Deemer Statute

The law regarding the scope of the deemer statute is facially unclear. The plain-text of the deemer statue only references certain coverage provisions, and many cases only discuss these limited provisions based on their facts. N.J.S.A. 17:28-1.4; (Op. at 4, Aug. 9, 2017, ECF No. 30.) Review of additional deemer statue case law, however, permits a broader reading than initially afforded. These cases suggest that the deemer statute converts out-of-state policies into PIP policies in their entirety. *See, e.g., Cooper Hosp. Univ. Med. Ctr. v. Prudential Ins. Co.*, 876 A.2d 335, 338 (N.J. Super. Ct. App. Div. 2005) ("Generally speaking, the deemer statute effectively mandates that out-of-state policies within its ambit are automatically construed as New Jersey policies when the covered vehicle is involved in a New Jersey accident."); *Crocker*, 672 A.2d at 229. This reading is consistent with the case law Defendant places most emphasis on in its Motion for Reconsideration, *DiOrio v. Nationwide Mut. Ins. Co.*, 17 F.3d 657, 660 (3d Cir. 1994) ("In essence, what the Pennsylvania courts have done is to read the 'deemer' statute as

4

being theoretically, although not physically, attached to the Pennsylvania policy in the nature of an endorsement applicable to an accident occurring in New Jersey."). (Defs.' Mot. Recons. at 5, ECF No. 32-1.) Additionally, the dispute resolution provision specifically provides for arbitration for claims arising from the coverage provisions enumerated in the deemer statute, underscoring the harmony between the deemer statute and both substantive and procedural provisions within PIP. *Compare* N.J.S.A. 39:6A-5.1, *with* N.J.S.A. 17:28-1.4.

The case most analogous to this matter, *State Farm Mutual Auto Insurance Co. v. Crocker*, found that the deemer statute incorporated the old version of PIP's dispute resolution provision. The old version of the statute mandated that *all insurers* must provide *any* claimant with the option of submitting to arbitration. *Crocker*, 672 A.2d at 229. The new version provides that *any party to the dispute* may compel dispute resolution, thus empowering insurance companies to compel arbitration. N.J.S.A. 39:6A-5.1. The Court previously distinguished *Crocker* based on this amendment, inferring that the old statute gave claimants the right to compel arbitration because insurers were aware of statutory insurance codes and provisions such as PIP. (Op. at 4–5.) Thus, the old dispute resolution provision could be incorporated into out-of-state contracts for claimants to exercise against insurers who were on notice. (*Id.*) An examination of the legislative history of the amendment negates the Court's distinction and inference. The amendment is part of a broader regulatory scheme designed to promote more efficient handling of insurance claims, specifically through more frequent extra-judicial dispute resolution. *See Coalition for Quality Health Care*, 791 A.2d at 1092, 1108–09; 1998 N.J. Sess. Law Serv. Ch. 21 (Senate 3) (WEST).

The combination of the New Jersey courts' liberal treatment of the deemer statute and the underlying purpose of the arbitration provision—designed to encourage more dispute resolution

5

by expanding the class of parties who can compel arbitration—together imply that the deemer statute should incorporate PIP's amended dispute resolution provision. Therefore, pursuant to the deemer statute, an insurance company can compel an out-of-state claimant to arbitrate. The Court's original holding was misplaced, and it would be unjust and inconsistent with the scheme set forth by the New Jersey legislature to find otherwise.

II. Notice of the Possibility of Arbitration

Defendant next argues that regardless of the deemer statute's breadth, Plaintiffs did have notice of the potential for arbitration. (Def.'s Mot. Recons. at 11–13.) The Court need not address this argument because it finds that the deemer statute incorporates the PIP dispute resolution provision. Therefore, whether Plaintiff had adequate notice to be subject to arbitration is assessed under PIP case law. The Court's original holding that Plaintiff would need notice to be compelled to arbitrate is not legally incorrect—New Jersey and federal law on arbitration clauses create a high bar requiring an unambiguous, fair, and voluntary agreement to arbitrate. *See Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A.*, 773 A.2d 665, 670 (N.J. 2001); *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009). Under the auspices of PIP, however, this is not the case.

As discussed above, PIP's dispute resolution provision was amended to empower any party to a dispute to compel arbitration, including insurance companies. N.J.S.A. 39:6A-5.1; *Delpome v. Travelers Ins. Co.*, 2012 WL 6632802, at *2 (N.J. Super. Ct. App. Div. Dec. 21, 2012) (per curiam). New Jersey courts consistently hold that insurance companies can compel arbitration with insureds—based on the statute alone. *See, e.g., Delpome*, 2012 WL 6632802, at *2 (finding the statute gave defendant insurer the right to compel arbitration, despite an allegedly ambiguous arbitration provision in an insurance contract); *N.J. Mfrs. Ins. Co. v. Univ. Physician*

6

*Assocs.*, 2008 WL 238518, at *3 (N.J. Super. Ct. App. Div. Jan. 30, 2008). Therefore, because the deemer statute treats Plaintiff's insurance policy as though it were a New Jersey policy, including the arbitration provision, the statutory notice of arbitration is enough to justify compelling arbitration in the instant case.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration will be granted. A corresponding order will follow.

Date: 10/4/17

ANNE E. THOMPSON, U.S.D.J.

7