NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AMBULATORY SURGICAL CENTER OF
SOMERSET, *individually and as a Class
Representative on behalf of others similar
situated*, and JUAN GONZALEZ,
*individually and as a Class Representative on
behalf of others similar situated*,

Plaintiffs,

v.

ALLSTATE FIRE CASUALTY
INSURANCE COMPANY,

Defendant.

Civ. No. 16-5378

OPINION

RECEIVED

NOV 03 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Plaintiffs Ambulatory Surgical Center of Somerset and Juan Gonzalez ("Gonzalez") (collectively, "Plaintiffs") to reinstate the Court's August 9, 2017 Order. (ECF No. 36.) Defendant Allstate Fire Casualty Insurance Company ("Defendant") opposes. (ECF No. 38.) The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiffs' Motion is denied.

## BACKGROUND

For the purpose of this Motion, the Court need not delve deep into the factual background of this case. Plaintiffs bring this action for damages and declaratory judgment, following Defendant's failure to pay for a procedure Plaintiff Gonzalez had at Plaintiff Ambulatory Surgical Center of Somerset. (Compl. ¶¶ 9–10, 41–79, ECF No. 1.) Plaintiffs sue on behalf of

1

the classes (1) of individuals insured by Defendant who have sustained injuries in car accidents and are entitled to medical benefits pursuant to New Jersey law and (2) of ambulatory surgical facilities who performed procedures for which Defendant refused payment. (*Id.* ¶¶ 19–23.)

On April 7, 2017, Defendant moved to compel arbitration and to stay proceedings. (ECF No. 19.) The Court denied this motion on August 9, 2017. (ECF Nos. 30, 31.) On August 23, 2017, Defendant moved for reconsideration of the Court's decision to deny its motion. (ECF No. 32.) On October 5, 2017, the Court granted Defendant's motion and ordered arbitration and an administrative termination pending arbitration. (ECF Nos. 34, 35.) The Court reconsidered based on the breadth of the deemer statute within New Jersey's Personal Injury Protection ("PIP") coverage, N.J.S.A. 17:28-1.4, which extends coverage to out-of-state insureds who were injured in-state or utilized in-state care. (ECF No. 34.) The Court found that the deemer statute incorporated PIP's arbitration and dispute resolution provision, N.J.S.A. 39:6A-51, thus exposing Plaintiffs to arbitration. (*Id.*) On October 12, 2017, Plaintiffs moved the Court to reinstate its original order and opinion of August 9, 2017 denying arbitration. (ECF No. 36.)

## LEGAL STANDARD

Plaintiffs present this motion as a "Motion to Reinstate" the Court's August 9th Order, but alternatively offer it to the Court as a motion for reconsideration. (Pl.'s Br. in Support of Mot. Reinstate [hereinafter Pl.'s Br.] at 2–3, ECF No. 37.) Plaintiffs cite only case law applied to motions for reconsideration. (*Id.* at 3.) The Court, therefore, construes this motion to be one for reconsideration of its October 5, 2017 Order and Opinion.

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d); *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and the Local Rules, a motion for

2

reconsideration may be based on one of three grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A party may seek reconsideration if it believes the Judge overlooked a matter or controlling decision, L. Civ. R. 7.1(i), but it is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made, *see Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## DISCUSSION

Plaintiffs do not present any intervening change in law or evidence not previously available. Rather, Plaintiffs' Motion largely repeats arguments already iterated in its opposition to Defendant's Motion to Compel Arbitration (Pls.' Opp'n to Def.'s Mot. Compel at 3–15, ECF No. 23) and in its opposition to Defendant's Motion for Reconsideration (Pls.' Opp'n to Def.'s Mot. Recons. at 7, ECF No. 33). Plaintiffs argue that the case cannot be compelled to arbitration due to the requirements of Rule 23 of the Federal Rules of Civil Procedure and the law set forth

in *Shady Grove v. Orthopedic Associations, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010). (Pl.'s Br. at 2.)

As Defendant appropriately notes, the Court did not overlook this argument that has already been strenuously advanced by Plaintiffs, and even so, this argument does not alter the Court's conclusion. *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345. According to *Shady Grove*, Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." 559 U.S. at 398. The essential take-away from *Shady Grove* is that "Rule 23, not state law, governs the availability of class action treatment of Plaintiff's claims." *Fitzgerald v. Gann Law Books, Inc.*, 956 F. Supp. 2d 581, 587 (D.N.J. 2013); *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 2012 WL 4903269, at *4 (D.N.J. Oct. 17, 2012) ("[A] majority of the justices agreed that if Rule 23 answers the question in dispute, and is not *ultra vires*, then the rule controls.").

*Shady Grove* and subsequent case law is neither appropriate nor dispositive here. While the underlying factual predicate of *Shady Grove* is quite similar to this case (Pl.'s Reply to Defs.' Opp'n at 2, ECF No. 39), the statute under which the Court has compelled arbitration, N.J.S.A. 39:6A-5.1, is distinct from the statute in *Shady Grove* and other cases on which Plaintiffs rely. The New York statute in *Shady Grove* expressly precluded class actions by stating that the cause of action in question "may *not* be maintained as a class action." *Shady Grove*, 559 U.S. at 398 (quoting N.Y. Civ. Prac. Law Ann. § 901(b)); *see also Holster v. Gatco Inc.*, 559 U.S. 1060 (2010) (remanding pursuant to *Shady Grove* where § 901(b) was invoked); *Bais Yaakov of Spring Valley*, 2012 WL 4903269, at *3, *7 (following *Shady Grove* and permitting class action even though the Telephone Consumer Protection Act required compliance with § 901(b)). A similar analysis has been applied to New Jersey law. *See Fitzgerald*, 956 F. Supp. 2d at 588

(denying motion to dismiss class treatment of NJ Fax Act claim on the ground that the NJ Fax Act did not permit class actions because Rule 23, not state law, controlled).

The Court agrees with Defendant's assessment: there is no "direct collision" between the PIP arbitration provision and Rule 23 to invoke *Shady Grove*. 559 U.S. at 421 (Stevens, J., concurring) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 (2010)). (Def.'s Opp'n to Pls.' Mot. Reinstate at 5, ECF No. 38.) N.J.S.A. 39:6A-5.1 does not alter the "availability of class treatment," *Fitzgerald*, 956 F. Supp. 2d at 587, nor is this a case in which "Rule 23 may permit class wide relief where state law would deny it"—like in *Shady Grove*,[1] *id*. This provision simply changes the forum in which this matter will proceed right now. The permissive, non-mandatory, language of the PIP provision provides that any party may compel arbitration, and it does not mention class actions. *See* N.J.S.A. 39:6A-5.1. This language further supports that there is no categorical clash with Rule 23; contrary to Plaintiffs' contention, this is not a "state law[] which attempt[s] to define what cases can be maintained as a class action in federal court." (Pls.' Br. at 14.) The Court also observes that although Plaintiffs pled two classes in the Complaint (Compl. ¶¶ 30–40), no class pursuant to Rule 23 has yet been certified, nor have the subsequent moving papers addressed class qualifications under Rule 23.

Finally, the Court cannot consider Plaintiffs' argument regarding Gonzalez's Allstate policy and the requirement of mutual consent to arbitrate therein. (Pl.'s Reply to Defs.' Opp'n at 14–15.) As discussed above, reconsideration is a remedy limited to three unique circumstances.

---

[1] This case and the controlling statute here does not require the Court to apply Justice Stevens' concurrence in *Shady Grove*, distinguishing between substantive and procedural law. *See Shady Grove*, 559 U.S. at 419 (Stevens, J., concurring) (concurring in the judgment because § 901(b) was preempted by Rule 23 because it was procedural and did not affect "substantive rights and remedies"). (Def.'s Opp'n to Pls.' Mot. Reinstate at 7–10.) Similarly, the Court need not address the question of which Justice's opinion is controlling in *Shady Grove*.

5

This limitation is designed "to encourage parties to present their positions as completely as possible, and to prevent parties from filing a second motion . . . covering issues that should have been raised in the first set of motions." *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) (internal citation omitted). Plaintiffs' argument is a novel one only found in the most recent reply. Plaintiffs have previously argued that they cannot be coerced to arbitrate or arbitrate without consent (Pls.' Opp'n to Def.'s Mot. Compel at 15–17) and emphasized that there is no agreement to arbitrate (Pls.' Opp'n to Def.'s Mot. Recons. at 6, 8), but never referred directly to mutual consent under Gonzalez's policy. This argument could have been, but was not, raised in earlier briefing papers, let alone in their initial brief asking to reinstate the August 9th Order. Once again, Plaintiffs present arguments on reconsideration that fall outside of the scope of Rule 7.1. *See Bowers*, 130 F. Supp. 2d at 613.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion will be denied. A corresponding order will follow.

Date: 11/3/17

ANNE E. THOMPSON, U.S.D.J.

6